bates pursuant to Generally Accepted Accounting Principles ("GAAP"), (3) in failing to order an accounting of the freight rebates received by Summit on the AHA account, and (4) in failing to award Hughes prejudgment interest. In its cross-appeal, Summit argues the trial court erred in finding the language of the employment agreement to be clear and unambiguous.

We have reviewed the briefs of the parties and the record on appeal. We find the claims of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).

Before ROY L. RICHTER, P.J., CLIFFORD H. AHRENS, J., and GLENN A. NORTON, J.

## ORDER

PER CURIAM.

Jim Graham appeals the judgment of the trial court sustaining Charles Telle's motion for a directed verdict on Graham's breach of contract claim. We find that the trial court did not err in directing a verdict in favor of Telle. An extended opinion would have no precedential value. We have, however, provided the parties a memorandum setting forth the reasons for our decision. We affirm the judgment under Rule 84.16(b).

■

**Jim GRAHAM, Appellant,**

v.

**Charles TELLE, Respondent.**

No. ED 90414.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 8, 2008.

Alfred J. Rathert, Fenton, MO, for appellant.

David R. Crosby, Hillsboro, MO, for respondent.

■

**Sharon Lynn JONES, Respondent,**

v.

**Officer Dawn PIERCE and Officer Taren Walton, Appellants.**

No. ED 90052.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 8, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard Vannoy, Asst. Atty. Gen., Jefferson City, MO, for appellants.

Donald L. Schlapprizzi, Linda C. Powers, Saint Louis, MO, for respondent.